KREINDLER & KREINDLER LLP
Brian J. Alexander (BA-9435)
750 Third Avenue
New York, New York 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432
Email: balexander@kreindler.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD SCHOLEY, | |
| Plaintiff, | Case No. 2:17-cv-01789-JLL-SCM |
| | **FIRST AMENDED COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| HONEYWELL INTERNATIONAL, INC., d.b.a. HONEYWELL AEROSPACE; CAE, INC.; INTERNATIONAL BUSINESS MACHINES CORPORATION, d.b.a. IBM and DOES 1-50, | |
| Defendants. | |

Plaintiff, TODD SCHOLEY, by and through his attorneys Kreindler & Kreindler LLP and Nelson & Fraenkel, LLP, respectfully alleges against the Defendants HONEYWELL International, Inc., d.b.a. Honeywell Aerospace ("HONEYWELL") and CAE, Inc. ("CAE") International Business Machines Corporation ("IBM"), as follows:

**PARTIES**

1. Plaintiff TODD SCHOLEY'S address is 213 Boulderidge Court, Vacaville, California 95688. Defendant HONEYWELL International, Inc., d.b.a. HONEYWELL Aerospace's ("HONEYWELL") principal place of business is located at 115 Tabor Road, Morris Plains, New Jersey 07950. Defendant CAE, Inc.'s ("CAE") principal place of business

is located at 8585 Cote-de-Liesse Saint-Laurent, Quebec H4T 1G6 Canada. Defendant International Business Machines Corporation ("IBM") principal place of business is located at 1 New Orchard Road Armonk, New York 10504.

2. Plaintiff TODD SCHOLEY is a citizen of California.

3. Defendant HONEYWELL is a Delaware Corporation, with its principal place of business in Morris Plains, New Jersey.

4. Defendant CAE is a Canadian Corporation, with its principal place of business in Quebec, Canada.

5. Defendant IBM is a New York Corporation with its principal place of business in Armonk, New York.

6. DOES 1-50 are those persons and entities whose relationships to the named Defendants and/or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff but whose true identities are at present unknown to Plaintiffs. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

7. Upon information and belief, DOES 1-10 are incorporated and/or have their principal place of business in New Jersey.

8. Upon information and belief, DOES 11-50 were doing business in or had contacts within New Jersey therein on the relevant dates and on the date of the accident alleged herein and the present cause of actions arises from those contacts.

## JURISDICTION AND VENUE

9. Plaintiff repeats and re-alleges each preceding paragraph.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, and this matter is between citizens of different states.

11. This court has personal jurisdiction over Defendant HONEYWELL because its principal place of business is in Morris Plains, New Jersey.

12. Upon information and belief, Defendant HONEYWELL negligently manufactured and/or designed in New Jersey a defective 'Flight Management Systems,' for the subject 'Full Flight Simulator' involved in this case.

13. Upon information and belief, Defendant IBM conducted continuous and systematic business with the State of New Jersey, both generally and with regard to this specific action, so that IBM has sufficient minimum contacts with the State of New Jersey and the exercise of personal jurisdiction over HONEYWELL does not offend the traditional notions of fair play and substantial justice and is proper:

   a) Upon information and belief, IBM entered into a contract with HONEYWELL in New Jersey to provide Flight Management System software to the subject IBM RS 6000 595 FSTD Host Computer involved in this action.

   b) Defendant IBM and its employees and agents regularly transact and conduct business in New Jersey and/or participated in tortious acts inside and outside the State of New Jersey, which caused Plaintiff's injuries.

   c) Defendant IBM regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in New Jersey, or expected or reasonably should have

expected that tortious acts performed outside of the State of New Jersey would produce injuries and cause damages and subject them to jurisdiction within the State of New Jersey.

14. Upon information and belief, CAE conducted continuous and systematic business in the State of New Jersey, both generally and with regard to this specific action, so that CAE has sufficient minimum contacts with the State of New Jersey and the exercise of personal jurisdiction over CAE does not offend the traditional notions of fair play and substantial justice and is proper:

    a) Upon information and belief, CAE entered into a contract with HONEYWELL in New Jersey, to manufacture and design 'Flight Management Systems' for the subject 'Full Flight Simulator' involved in this case.

    b) Defendant CAE and its employees and agents regularly transact and conduct business in New Jersey and/or participated in tortious acts inside and outside the State of New Jersey which caused Plaintiff's injuries.

    c) CAE is a United States centered venture. In 2015, CAE's United States operations earned it $753.6 million. CAE's United States operations accounted for 33% of its annual revenue (more than any other country in the world).

    d) Defendant CAE regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in the State of New Jersey, or expected or reasonably should have expected that tortious acts performed outside of

4

the State of New Jersey would produce injuries and cause damages and subject them to jurisdiction within the State of New Jersey.

15. Upon information and belief, DOES 11-50 were doing business in or had contacts within New Jersey on the relevant dates and on the date of the accident alleged herein and the present cause of actions arises from those contacts.

16. Defendant HONEYWELL has its principal place of business in this judicial district. Accordingly, venue is proper in this jurisdiction under 28 U.S.C. § 1391.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. Defendants HONEYWELL and DOES 1-10 are the designers and manufacturers of the Flight Management System of a Full Flight simulator depicting a Boeing 747-400 aircraft (hereinafter "Simulator").

18. Defendants CAE and DOES 11-20 are the designers and manufacturers of the Simulator.

19. Defendants IBM and DOES 21-30 are the designers and manufacturers of the Simulator's Host Computer System.

20. Defendants DOES 31-50, inclusive, are unknown persons and/or entities who negligently performed services or failed to perform services on the subject simulator, including its component parts, which included performing inspections, repairs, maintenance, testing and other services, which were negligently performed or not performed, which directly and/or proximately contributed to the Simulator malfunctioning, and the Plaintiff's injuries.

21. Plaintiff TODD SCHOLEY was a United Airlines pilot.

22. On or about March 22, 2015, Plaintiff was using the Simulator when it abruptly stopped and pitched downward, causing Plaintiff to sustain very serious physical and bodily injuries including but not limited to injuries to his back, and psychological injuries.

23. Plaintiff has sustained and will sustain in the future medical bills, lost earnings, permanent disability and disfigurement, and great pain and suffering and emotional distress.

### COUNT I: STRICT PRODUCTS LIABILITY - HONEYWELL

24. Plaintiff repeats and re-alleges each preceding paragraph.

25. On a date prior to March 22, 2015, Defendant HONEYWELL designed, manufactured, assembled and sold the Flight Management System for the Simulator.

26. At the time the Flight Management System for the Simulator left the custody and control of Defendant HONEYWELL it was defective and unreasonably dangerous in one or more of the following respects:

    a) the Flight Management System was subject to failure, abruptly causing the Simulator to stop and pitch downward;

    b) the Flight Management System was subject to processing malfunctions;

    c) the Flight Management System used inadequate and defective software;

    d) the Flight Management System did not contain any warnings of these defects.

27. On March 22, 2015, as the proximate result of one or more of the above-described unreasonably dangerous defects and conditions, the Simulator Plaintiff was using abruptly stopped and pitched downward, causing Plaintiff to sustain very serious physical and bodily injuries including but not limited to injuries to his back, and psychological injuries and Plaintiff

has sustained and will sustain in the future medical bills, lost earnings, permanent disability and disfigurement, and great pain and suffering and emotional distress.

WHEREFORE, Plaintiff TODD SCHOLEY, through undersigned counsel, prays for the entry of a judgment in his favor against Defendant HONEYWELL for an amount in excess of the minimum jurisdictional limits of this Court, together with costs and such other amounts as may be allowed under the applicable law.

### COUNT II: NEGLIGENCE - HONEYWELL

28. Plaintiff repeats and re-alleges each preceding paragraph.

29. On a date prior to March 22, 2015, Defendant HONEYWELL designed, manufactured, assembled and sold the Flight Management System for the Simulator.

30. Defendant HONEYWELL owed Plaintiff a duty to exercise reasonable care in designing, manufacturing, assembling and selling the Flight Management System for the Simulator so as not to cause injury to Plaintiff.

31. Defendant HONEYWELL breached the duty it owed to Plaintiff through one or more of the following negligent acts and omissions:

   a) negligently designed, manufactured, assembled and sold the Flight Management System such that the Flight Management System was subject to failure, abruptly causing the Simulator to stop and pitch downward;

   b) negligently designed, manufactured, assembled and sold the Flight Management System such that the Flight Management System was subject to processing malfunctions;

    c) negligently designed, manufactured, assembled and sold the Flight Management System in that the Flight Management System used inadequate and defective software;

    d) negligently failed to provide any warnings of these defects and negligently failed to service, instruct and maintain the Flight Management System.

32. On March 22, 2015, as the proximate result of one or more of the above-described negligent acts and omissions of Defendant HONEYWELL, the Simulator Plaintiff was using abruptly stopped and pitched downward, causing Plaintiff to sustain very serious physical and bodily injuries including but not limited to injuries to his back, and psychological injuries and Plaintiff has sustained and will sustain in the future medical bills, lost earnings, permanent disability and disfigurement, and great pain and suffering and emotional distress.

WHEREFORE, Plaintiff TODD SCHOLEY, through undersigned counsel, prays for the entry of a judgment in his favor against Defendant HONEYWELL for an amount in excess of the minimum jurisdictional limits of this Court, together with costs and such other amounts as may be allowed under the applicable law.

## COUNT III - STRICT PRODUCTS LIABILITY - CAE

33. Plaintiff repeats and re-alleges each preceding paragraph.

34. On a date prior to March 22, 2015, Defendant CAE designed, manufactured, assembled and sold a Full Flight Simulator depicting a Boeing 747-400 aircraft (hereinafter "Simulator").

35. At the time the Simulator left the custody and control of Defendant CAE it was defective and unreasonably dangerous in one or more of the following respects:

    a) the Simulator was subject to abruptly stopping and pitching;

8

    b) the Simulator was subject to software and internal board malfunctions;

    c) the Simulator used inadequate and defective software;

    d) the Simulator used inadequate and defective internal boards;

    e) the Simulator did not contain any warnings of these defects.

36. On March 22, 2015, as the proximate result of one or more of the above-described unreasonably dangerous defects and conditions, the Simulator Plaintiff was using abruptly stopped and pitched downward, causing Plaintiff to sustain very serious physical and bodily injuries including but not limited to injuries to his back, and psychological injuries and Plaintiff has sustained and will sustain in the future medical bills, lost earnings, permanent disability and disfigurement, and great pain and suffering and emotional distress.

WHEREFORE, Plaintiff TODD SCHOLEY, through undersigned counsel, prays for the entry of a judgment in his favor against Defendant CAE for an amount in excess of the minimum jurisdictional limits of this Court, together with costs and such other amounts as may be allowed under the applicable law.

## COUNT IV - NEGLIGENCE - CAE

37. Plaintiff repeats and re-alleges each preceding paragraph.

38. Defendant CAE owed Plaintiff a duty to exercise reasonable care in designing, manufacturing, assembling and selling the Simulator so as not to cause injury to Plaintiff.

39. Defendant CAE breached the duty it owed to Plaintiff through one or more of the following negligent acts and omissions:

    a) negligently designed, manufactured, assembled and sold the Simulator such that the Simulator was subject to abruptly stopping and pitching downward;

9

    b) negligently designed, manufactured, assembled and sold the Simulator such that the Simulator was subject to software and internal Board malfunctions;

    c) negligently designed, manufactured, assembled and sold the Simulator in that the Simulator used inadequate and defective software;

    d) negligently designed, manufactured, assembled and sold the Simulator in that the Simulator used inadequate and defective internal boards;

    e) negligently failed to provide any warnings of these defects;

    f) negligently failed to service, instruct and maintain the Simulator.

40. On March 22, 2015, as the proximate result of one or more of the above-described negligent acts and omissions of Defendant CAE, the Simulator Plaintiff was using abruptly stopped and pitched downward, causing Plaintiff to sustain very serious physical and bodily injuries, including but not limited to injuries to his back, and psychological injuries and Plaintiff has sustained and will sustain in the future medical bills, lost earnings, permanent disability and disfigurement, and great pain and suffering and emotional distress.

WHEREFORE, Plaintiff TODD SCHOLEY, through undersigned counsel, prays for the entry of a judgment in his favor against Defendant CAE, Inc. for an amount in excess of the minimum jurisdictional limits of this Court, together with costs and such other amounts as may be allowed under the applicable law.

## COUNT V - STRICT PRODUCTS LIABILITY - IBM

41. On a date prior to March 22, 2015, Defendant IBM designed, manufactured, assembled and sold the Host Computer System for the Simulator.

42. At the time the Host Computer System for the Simulator left the custody and control of Defendant IBM it was defective and unreasonably dangerous in one or more of the following respects:

    a) the Host Computer System was subject to failure, abruptly causing the Simulator to stop and pitch downward;

    b) the Host Computer System was subject to internal board malfunctions;

    c) the Host Computer System used inadequate and defective internal boards;

    d) the Host Computer System used inadequate and defective software;

    e) the Host Computer System did not contain any warnings of these defects.

43. On March 22, 2015, as the proximate result of one or more of the above-described unreasonably dangerous defects and conditions, the Simulator Plaintiff was using abruptly stopped and pitched downward, causing Plaintiff to sustain very serious physical and bodily injuries including but not limited to injuries to his back, and psychological injuries and Plaintiff has sustained and will sustain in the future medical bills, lost earnings, permanent disability and disfigurement, and great pain and suffering and emotional distress.

WHEREFORE, Plaintiff TODD SCHOLEY, through undersigned counsel, prays for the entry of a judgment in his favor against Defendant IBM for an amount in excess of the minimum jurisdictional limits of this Court, together with costs and such other amounts as may be allowed under the applicable law.

## COUNT VI - NEGLIGENCE – IBM

44. On a date prior to March 22, 2015, Defendant IBM designed, manufactured, assembled and sold the Host Computer System for the Simulator.

45. Defendant IBM owed Plaintiff a duty to exercise reasonable care in designing, manufacturing, assembling and selling the Host Computer System for the Simulator so as not to cause injury to Plaintiff.

46. Defendant IBM breached the duty it owed to Plaintiff through one or more of the following negligent acts and omissions:

   a) negligently designed, manufactured, assembled and sold the Host Computer System such that the Host Computer system was subject to failure, abruptly causing the Simulator to stop and pitch downward;

   b) negligently designed, manufactured, assembled and sold the Host Computer System such that the Host Computer System was subject to internal board malfunctions;

   c) negligently designed, manufactured, assembled and sold the Host Computer System in that the Host Computer System used inadequate and defective internal boards;

   d) negligently designed, manufactured, assembled and sold the Host Computer System in that the Host Computer System used inadequate and defective software;

   e) negligently failed to provide any warnings of these defect;

   f) negligently failed to service, instruct and maintain the Host Computer System.

47. On March 22, 2015, as the proximate result of one or more of the above-described negligent acts and omissions of Defendant IBM, the Simulator Plaintiff was using abruptly stopped and pitched downward, causing Plaintiff to sustain very serious physical and bodily injuries including but not limited to injuries to his back, and psychological injuries and Plaintiff

has sustained and will sustain in the future medical bills, lost earnings, permanent disability and disfigurement, and great pain and suffering and emotional distress.

WHEREFORE, Plaintiff TODD SCHOLEY, through undersigned counsel, prays for the entry of a judgment in his favor against Defendant IBM for an amount in excess of the minimum jurisdictional limits of this Court, together with costs and such other amounts as may be allowed under the applicable law.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

a) for all available general and special damages to compensate Plaintiff for the injuries and damages sustained including allowable economic and non-economic damages;

b) for the reasonable value of medical expenses incurred by Plaintiff to the date of trial and to be incurred in the future;

c) for the reasonable value of Plaintiff's loss of income and loss of earning capacities;

d) for Plaintiff's costs of suit;

e) for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury in this action.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through his attorneys, certifies that the matter in controversy between Plaintiff, HONEYWELL, IBM and CAE is also the subject of the following matters with identical parties:

1. 2nd Judicial District - Denver County, Denver Colorado. Case No. 2107CV30773.

2. Arizona Superior Court, County of Maricopa. Case No. 2017-00025B.

3. Illinois Circuit Court, Cook County, Case No. 17-L-002314.

4. United States District for the Southern District of New York, Case No. 7:17-cv-01982.

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff TODD SCHOLEY, certifies that the above captioned matter is not subject to compulsory arbitration because the relief sought consists of money damages in excess of $150,000, exclusive of intersts, costs and any claim for punitive damages.

Dated: March 17, 2017

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: */s/ Brian J. Alexander*
Brian J. Alexander (BA-9435)
750 Third Avenue
New York, New York 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432
Email: balexander@kreindler.com

NELSON & FRAENKEL LLP
Stuart R. Fraenkel (CA Bar No. 173991)
*Pro Hac Vice Pending*
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019
Email: sfraenkel@nflawfirm.com

*Attorneys for Plaintiff*